UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ERVIN BERONCO SMITH,

        Defendant.

_____/

Case No. 15-20394

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING MOTION FOR RECONSIDERATION [151]**

On June 24, 2016, Defendant Ervin Beronco Smith filed a Motion to Suppress [126]. Defendant Lucio Antonio Maldonado-Farias filed a Notice of Joinder/Concurrence in the Motion to Suppress on June 27, 2016. [127]. On November 9, 2016 the Court held a hearing on Defendant's Motion to Suppress Evidence and denied the Motion from the bench. Defendant Smith filed a Motion for Reconsideration of the denial of the Motion to Suppress on November 29, 2016. [153]. Defendant Maldonado-Farias filed a Notice of Joinder/Concurrence in this Motion on December 1, 2016 [152]. For the reasons stated below, the Motion for Reconsideration is **DENIED**.

**STANDARD OF REVIEW**

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly

> or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

Defendant filed a Motion to Suppress Evidence [126] on June 24, 2016, arguing that the affidavit for the wiretap did not meet the necessity requirement because the objectives of the investigation, *viz*, identifying the drug supplier and those involved in the drug trafficking business, the sources of supply for the drugs, and the scope of the Detroit, Michigan-based organization's operations and method of acquisition and distribution of heroin, could have been met without a wiretap. On November 9, 2016, the Court denied Defendant's Motion to Suppress Evidence.

The Motion for Reconsideration rests on a proposition that the Court was misled regarding the necessity of the wiretap affidavit. Specifically, that it was misled by the omission of material evidence in the form of information about the existence of a warrant for the capture of "radio signals" that was never used prior to obtaining the wiretap.

First, Defendants argue that the Court was misled when the Government asserted at the hearing that all the "phone location technology" information was disclosed within the affidavit, since it failed to mention the May 28, 2015 order authorizing the capture of "radio signals," only referring to the availability of "GPS Ping" technology in the affidavit. Defendants suggest that use of radio signals is a much more precise and accurate technology than GPS ping data to utilize geolocation information. As such, the wiretap was unnecessary because the objectives of the investigation could have been met without a wiretap given that the Government could have used radio signals to achieve the goals of the investigation.

This mirrors Defendants' argument in the Motion and at the hearing that the Government possessed all the tools to meet the objective of the wiretap affidavit. The Government pointed out at the hearing that the affidavit detailed that location technology was available and had been used, but that it was not sufficient to meet the objectives of the investigation. [126-2 at Pg ID 557]. The Court agreed with the Government because location data, no matter how accurate, cannot reveal the contents

of conversations, which were necessary to meet the objectives of the investigation. Nothing Defendant has raised in this Motion regarding the lack of a specific mention of an order authorizing radio signal capture overrules the Court's previous decision regarding necessity, and therefore it is not a ground for granting reconsideration.

Second, Defendants argue that they believe the radio signal capturing device, authorized by Court order prior to the wiretap, was sufficient to seize text and/or telephone conversations in addition to raw radio signals through the use of "stingrays." *See* Kim Zetter, *Turns Out Police Stingray Spy Tools Can Indeed Record Calls*, WIRED (Oct. 28, 2015), https://www.wired.com/2015/10/ stingray-government-spy-tools-can-record-calls-new-documents-confirm/; Renee Lewis, *Stingray cell surveillance can record conversations, bug phones*, ALJAZEERA (Oct. 29, 2015), http://america.aljazeera.com/articles/2015/10/ 29/stingray-can-spy-oncalls-and-texts-bug-phones.html. However, the articles Defendant relies on do not establish that, even if the Government's order for the capture of radio signals permitted the use of "stingrays," a wiretap order was not required to obtain the contents of the phone conversations and texts.

As the articles presented by Defendant point out, while it is possible for stingrays to be used to acquire the contents of conversations, the Department of Justice's guidelines state that stingray devices "must be configured to disable the interception function, unless interceptions have been authorized by a Title III order."

Kim Zetter, *Turns Out Police Stingray Spy Tools Can Indeed Record Calls*; *see also*, Renee Lewis, *Stingray cell surveillance can record conversations, bug phones* ("A federal wiretapping law allows law enforcement to obtain the contents of calls or texts with a court order to intercept those communications, the DOJ guidelines said."). In fact, the warrant application for the radio signals specifically states that "[t]his warrant does not authorize the interception of any telephone calls, text messages, or internet data." [126-8 at Pg ID 657]. Therefore, even if the radio signal capturing device enabled the Government to possibly intercept the contents of conversations and text messages, a Title III order would still be necessary for the Government to obtain the information needed to meet the objectives of the investigation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration [151] is **DENIED**.

**SO ORDERED**.

                                                  s/Arthur J. Tarnow
                                                  Arthur J. Tarnow
Dated: December 28, 2016         Senior United States District Judge